IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-14-97-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-18-0029 |
| EMANUEL DANDRE WADE | § | |

## ORDER

Pending before the Court is attorney Natalia M. Cornelio's motion for reconsideration, asking that the Court vacate its order of May 3, 2018, ordering her to respond to Defendant Wade's claims of ineffective assistance. (Docket Entry No. 231.) The Government filed a response, to which Cornelio filed a reply. (Docket Entries No. 232, 233.)

Having considered the motion, the response and reply, the record, prior orders of this Court, and the applicable law, the Court DENIES the motion for the reasons that follow.

### *Procedural Background*

Defendant Wade filed a *pro se* section 2255 motion claiming that trial counsel AFPD Natalia M. Cornelio was ineffective during plea negotiations, the plea hearing, and sentencing. (Docket Entry No. 219.) The Court subsequently granted the Government's motion for an affidavit from trial counsel, and ordered Cornelio to respond to Wade's claims by June 3, 2018. (Docket Entry No. 226.) The Court mailed Cornelio a copy of the order at the address provided by the Government in its motion: Texas Civil Rights Project, 400 Main St., Houston, Texas 77002.

Cornelio did not file an affidavit. To the contrary, on September 13, 2018, she filed an unopposed motion for a 45-day extension of time "to submit a sworn and signed affidavit responding to Mr. Wade's allegations." (Docket Entry No. 229.) She stated that her correct address was 405 Main Street and that she was unaware of the Court's order until the Government notified her of the order on September 10, 2018. Cornelio raised no objections to the Court's order requiring her to file the affidavit, and represented to the Court that she needed until October 29, 2018, to file the affidavit. The Court granted the extension and ordered Cornelio to file her affidavit by October 29, 2018.

## *Analysis*

Cornelio did not file an affidavit by October 29, 2018. Instead, on October 26, 2018, she filed the pending motion requesting the Court to vacate its order of May 3, 2018, requiring her to provide the affidavit. (Docket Entry No. 231.) In her motion, Cornelio argues that "it is an unwarranted violation of the duty of confidentiality for undersigned counsel to file such an affidavit" at this "premature" time. *Id.*, p. 1. Relying on the American Bar Association's Committee on Ethics & Professional Responsibility Formal Opinion 10-456 of July 14, 2010 ("Opinion 10-456"), she asserts that the Government's motion for her affidavit was insufficient to overcome the ethical duty of confidentiality she owes Wade.

*Waiver*

The Court finds that, by informing the Court that she needed additional time "to submit a sworn and signed affidavit responding to Mr. Wade's allegations," Cornelio represented to the Court that she would provide the affidavit by October 29, 2018. Consequently, she waived the objections she now attempts to raise at this late juncture. The motion to reconsider and vacate is DENIED.

*No Certificate of Conference*

The Local Rules of this Court require that every non-dispositive motion contain a certificate of conference, attesting that the movant conferred with opposing counsel and that counsel could not agree about the disposition of the motion. LR 7.1(D). Similar provisions govern the filing of criminal motions. CrLR 12.2. Under Section 6(A)(2) of the undersigned's written Court Procedures, failure to comply with these motion requirements may result in the motion being denied or stricken.

Cornelio's pending motion does not include a certificate of conference. Because she does not explain or justify her failure to comply with LR 7.1(D) or CrLR 12.2, the motion is DENIED.

*Lack of Merit*

Regardless, Cornelio's motion has no merit. Opinion 10-456 is not law binding on this Court and does not supersede the Court's order of May 3, 2018. It has long been recognized that a habeas petitioner who asserts an ineffective assistance of counsel claim necessarily waives the attorney-client privilege. *Laughner v. United States*, 373 F.2d

3

326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").

In its order of May 3, 2018, the Court expressly found that Wade's allegations of ineffective assistance as to Cornelio in his section 2255 motion served to waive the attorney-client privilege as to all relevant communications between Wade and Cornelio regarding the subject matter of those claims. The Court further found that disclosure of the communications was unavailable from any other source and was necessary for the Court's understanding and disposition of Wade's claims that Cornelio was constitutionally ineffective. The Court ordered Cornelio to file an affidavit responding, in appropriate detail, to Wade's claims of ineffective assistance of counsel, including a discussion of all communications between Cornelio and Wade relevant to his section 2255 allegations of ineffectiveness. (Docket Entry No. 226.)

The Court's order of May 3, 2018, was sufficiently narrowly drawn and limited in scope to obtain necessary information concerning Wade's claims in a court-supervised setting. The Court reaffirms the findings it made in that order that disclosure of the relevant communications is unavailable from any other source and is necessary for the Court's understanding and disposition of Wade's claims that Cornelio was constitutionally ineffective. Cornelio's motion does not establish that vacatur or further narrowing of the subject matter and scope of the order is necessary, and her motion is DENIED.

## *Conclusion*

Cornelio's motion for reconsideration (Docket Entry No. 231) is DENIED.

Cornelio is ORDERED to comply with the Court's order of May 3, 2018, within fourteen days from date of this order. Given Cornelio's prior good faith representations to the Court that she would provide the affidavit by October 29, 2018, the Court is confident that she will comply with this order in a timely manner.

The additional deadlines set forth in the Court's order of May 3, 2018, remain in full force and effect.

Signed at Houston, Texas, on December 18, 2018.

Gray H. Miller
United States District Judge